## WALKER BUSH v. THE STATE.

1. PRACTICE. — Unless the transcript shows that the plea of "not guilty" was entered, a conviction will not stand.

2. DISTURBING RELIGIOUS WORSHIP. — The indictment charges that the accused "heretofore, to wit, on the 1st day of December, A. D. 1876, in the county of H., and State of T., did wilfully disturb a congregation assembled for religious worship, and conducting themselves in a lawful manner, by loud and vociferous talking," etc. *Held,* a sufficient allegation as to time, place, and manner.

APPEAL from the County Court of Hamilton. Tried below before the Hon. D. C. SMITH, County Judge.

*Eidson & Pierson*, for the appellant, in support of the motion to quash the indictment because it fails to show the *place* where the congregation was assembled, cite 2 Texas Ct. App. 422, 512.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J. The charge set out in the indictment is in these words: "That heretofore, to wit, on the 1st day of December, A. D. 1876, in the county of Hamilton, and State of Texas, Walker Bush and C. C. Prater did wilfully disturb a congregation assembled for religious worship, and conducting themselves in a lawful manner, by loud and vociferous talking and quarrelling."

In our opinion, the indictment is sufficient under the statute of April 23, 1874. Gen. Laws Thirteenth Legislature, 43; *Corley* v. *The State*, 3 Texas Ct. App. 412. The court did not err in overruling defendant's motion to quash.

The judgment must, however, necessarily be reversed, for the reason that the record nowhere discloses that the defendant on the trial pleaded, or that a plea was interposed for him under the statute. *Stacey* v. *The State*, 3 Texas Ct. App. 121; *Everett* v. *The State*, 4 Texas Ct. App. 307.

*Reversed and remanded.*